IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT TURNER, JR.,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 08-0249-WS-M** |
| ) | |
| **HARRISON CUNNINGHAM,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court *sua sponte* based on the Court's review of plaintiffs' *pro se* Complaint (doc. 1).[1]

On May 12, 2008, plaintiffs Robert Turner, Jr., Joe Luis Turner, Fred Turner, Earleane Turner Barney, and Ora Turner Hughley, proceeding without counsel, filed a Complaint against defendants Harrison Cunningham and Houston Cunningham in this District Court.[2] According

---

[1] In reviewing plaintiffs' filings, the Court is mindful that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); *see also Matzker v. Herr*, 748 F.2d 1142, 1146 (7th Cir.1984) (federal district courts must ensure that *pro se* litigants are given "fair and meaningful consideration").  However, plaintiffs' *pro se* status does not excuse them from compliance with the Federal Rules of Civil Procedure or the Local Rules of this District Court.  *See* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure").  Moreover, the leniency to which *pro se* litigants are entitled "does not give a court license to serve as *de facto* counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

[2] Of the five named *pro se* plaintiffs, the only one to sign the Complaint is Fred Turner.  This is improper.  To the extent that all five plaintiffs are proceeding without counsel,

to the Complaint, defendants are alleged to have trespassed on plaintiffs' land in Choctaw County, Alabama in December 1995, and to have moved a mobile home onto said land. Plaintiffs seek to recover possession of the land, and also to be awarded damages for mental anguish, emotional distress and the like.

       Based on the Court's preliminary review of the Complaint, it does not appear that federal subject matter jurisdiction is proper here.  Federal courts have limited subject matter jurisdiction. This means that they have the power to decide only certain types of cases.  *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Because federal courts have such narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking.  *See Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").  Indeed, as the Eleventh Circuit has explained, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them."  *University of South Alabama*, 168 F.3d at 410.

---

each of them must sign all pleadings and documents filed in this District Court, and must state their addresses and telephone numbers.  One plaintiff cannot sign on behalf of the others, for the simple reason that a *pro se* plaintiff cannot represent other *pro se* plaintiffs in legal proceedings in federal court.  *See, e.g.,* Rule 11(a), Fed.R.Civ.P. ("Every pleading, written motion, and other paper must by signed ... by a party personally if the party is unrepresented."); *Miller v. Bobbitt*, 779 F. Supp. 495, 496 (D. Or. 1991) (pointing out that a *pro se* plaintiff cannot represent another *pro se* plaintiff, and that all such plaintiffs must sign all pleadings in which they wish to be a part).  For Fred Turner to represent the other plaintiffs in these proceedings would constitute the unauthorized practice of law, pursuant to Alabama Code §§ 34-3-6 and 34-3-7.

It is, of course, incumbent on a plaintiff in a federal action to set forth in his or her complaint the basis for federal subject matter jurisdiction.  *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (pleader in federal court must affirmatively allege facts demonstrating the existence of jurisdiction).[3]  In that regard, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a plaintiff to include in his or her complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends."  *Id.*  Plaintiffs have not done so.  Federal jurisdiction may or may not be proper here.  Without clarification from plaintiffs, however, as to the basis on which federal court jurisdiction is sought, such a determination cannot be made.  Accordingly, the Court declines to speculate as to the jurisdictional underpinnings and sufficiency of the Complaint.

In light of the uncertainty as to the jurisdictional basis of the Complaint, plaintiffs are hereby **ordered** to file an amended complaint remedying this defect on or before **June 9, 2008.**  At a minimum, this amended pleading must set forth the grounds on which federal subject matter jurisdiction is predicated, must include a short and plain statement delineating plaintiffs' claims and showing that they are entitled to relief, and must otherwise satisfy the minimum pleading requirements as set forth in the Federal Rules of Civil Procedure and the Local Rules of this District Court.  Because plaintiffs are proceeding *pro se*, the Court stresses that it cannot provide them with legal advice or correct errors or omissions in their pleadings.  Plaintiffs are strongly encouraged to consult with counsel and obtain legal advice before taking any further action in this case.

**Plaintiffs are warned that their claims are subject to dismissal if they do not file an amended pleading on or before the specified deadline, or if their amended complaint does not demonstrate grounds for federal jurisdiction.**

Finally, the Clerk's Office is directed to send plaintiffs a copy of this District Court's *Pro Se* Litigant Guide at their address of record.  Plaintiffs are expected to be fully familiar and

---

[3] To establish federal subject matter jurisdiction for this action, plaintiffs must show the existence of either diversity jurisdiction (pursuant to 28 U.S.C. § 1332) or federal question jurisdiction (pursuant to 28 U.S.C. § 1331).  *See, e.g., Taylor*, 30 F.3d at 1367 ("Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question.").  The Complaint in this case does neither.

compliant with this Guide in all further proceedings in this action.

DONE and ORDERED this 20th day of May, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE